**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:39 AM May 2, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| DARRYL S. NORRIS AND ) | CASE NO. 11-61150 |
| DEBORAH A. NORRIS, ) | |
| ) | ADV. NO. 11-6089 |
| Debtors. ) | |
| _____ ) | JUDGE RUSS KENDIG |
| DARRYL S. NORRIS AND ) | |
| DEBORAH A. NORRIS, ) | **MEMORANDUM OF OPINION (NOT** |
| ) | **INTENDED FOR PUBLICATION)** |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| FIRST FEDERAL SAVINGS AND ) | |
| LOAN OF LORAIN, et al., ) | |
| ) | |
| Defendants. ) | |

Now before the court is Defendants' motion to compel responses to interrogatories, production of documents and to deem their requests for admissions directed to plaintiffs admitted ("motion to compel"), filed on March 14, 2012, and Plaintiffs' motion to adjourn depositions, filed on April 5, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

This adversary proceeding was commenced on November 8, 2011. The court held a pretrial conference on December 20, 2011 during which the court set both discovery and dispositive motions deadlines. On December 21, 2011, the court entered an order establishing a discovery deadline of March 30, 2012 and a dispositive motions deadline of April 16, 2012. Defendants moved to extend the discovery and motions deadlines on March 30, 2012 and the court entered an order on April 3, 2012 extending the discovery deadline to April 13, 2012 and the dispositive motions deadline to April 30, 2012.

## I.   **MOTION TO COMPEL**

Defendants' motion to compel asserts that Defendants served discovery requests on Plaintiffs on December 28, 2011 and received responses from Plaintiffs on January 11, 2012. Counsel for Defendants sent correspondence to counsel for Plaintiffs on February 2, 2012 which set forth the deficiencies in Plaintiffs' discovery responses. Counsel for Plaintiffs supplemented Plaintiffs' discovery responses by way of a letter dated February 7, 2012. Counsel for Defendants sent additional correspondence to counsel for Plaintiffs on February 17, 2012 detailing the deficiencies in Plaintiffs' discovery responses again.

In their motion to compel, Defendants argue that Plaintiffs' answers to Defendants' propounded discovery are inadequate because Plaintiffs responded to fourteen of twenty-one requests for admissions with the phrase "Unknown what Attorney Pavlik did," denied any knowledge in seven of fourteen interrogatories, and failed to provide a computation of damages.

On March 20, 2012, Plaintiffs filed a brief in opposition to motion to compel. Plaintiffs assert that they answered the discovery requests to the best of their knowledge and responded to counsel for Defendants' requests to supplement the discovery responses. In addition, Plaintiffs claim that many of the discovery requests are protected by attorney-client privilege.

Federal Rule of Bankruptcy Procedure 7037 is applicable to this matter and incorporates Federal Rule of Civil Procedure 37. The court finds that the parties attempted to resolve this dispute before bringing it to the court in accordance with Local Bankruptcy Rule 7026 and Fed. R. Civ. P. 37(a)(1).

A. Requests for Admissions

Federal R. Civ. P. 36(a)(4), incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7036, provides in pertinent part that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. … The answering party may

2

11-06089-rk    Doc 34    FILED 05/02/12    ENTERED 05/02/12 12:02:20    Page 2 of 6

assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry… .

The court reviewed Defendants' propounded requests for admissions and Plaintiffs' responses thereto that Defendants assert are deficient.[1] "It is expected that denials will be forthright, specific, and unconditional." Noffsinger v. United States of America, No. 5:09-CV-38, 2011 U.S. Dist. LEXIS 14646, at (W.D. Ky. Feb. 11, 2011) (quoting 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2260 (3d ed. 2010)); accord Garcia v. Clark, No. 1:10-CV-00447, 2012 U.S. Dist. LEXIS 51771, at 23 (E.D. Cal. Apr. 12, 2012) (finding outright denial is sufficient); Foust v. Metro. Sec. Servs., Inc., No. 3:10-CV-340, 2011 U.S. Dist. LEXIS 118138, at 21 (E.D. Tenn. Oct. 12, 2011) (finding denial based solely on typographical error in request for admission is insufficient). In Plaintiffs' responses to requests for admissions #2, 20, and 21, Plaintiffs denied the matters. Based on the foregoing, Plaintiffs' denials to these requests for admissions were sufficient.

In Plaintiffs' responses to requests for admissions #3, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, and 19, Plaintiffs responded with either "Unknown what attorney Pavlik did" or "unknown" and failed to state in detail why Plaintiffs were not able to truthfully admit or deny these requests for admissions. Plaintiffs supplemented their responses to Defendants by way of a letter dated February 7, 2012. However, the supplemental responses to these requests for admissions provided no further response than was initially provided.

Under Fed. R. Civ. P. 36(a)(4), Plaintiffs can only assert a lack of knowledge if Plaintiffs state that they made a reasonable inquiry.

This requirement is not merely a semantic exercise; the answering party must actually make a "reasonable inquiry" prior to asserting lack of knowledge. *Stark-Romero v. National R.R. Passenger Co.*, 275 F.RD. 551, 556 (D.N.M. 2011). "Because [R]ule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is strong disincentive to finding an undue burden where the requested party can make the necessary inquiries without extraordinary expense of or effort, i.e., if consultation with the third party is 'readily obtainable[.]'"

Piskura v. Taser Int'l, No. 1:10-cv-248, 2011 U.S. Dist. LEXIS 141443, at 5-6 (S.D. Ohio Nov. 7, 2011) (quoting Al-Jundi v. Rockefeller, 91 F.RD. 590, 594 (W.D.N.Y. 1981)).

Plaintiffs failed to state that they made a reasonable inquiry. Further, the court notes that Attorney Pavlik is the Plaintiffs' attorney in the current matter and, therefore, Plaintiffs had access to Attorney Pavlik to make a reasonable inquiry to him regarding the matters referenced in Defendants' requests for admission.

---

[1] Defendants assert that Plaintiffs' responses are deficient to requests for admissions #2, 3, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 20, and 21.

Moreover, if Plaintiffs wish to assert that their responses are protected by the attorney-client privilege as they state in their opposition, they should have objected to the requests for admissions pursuant to Fed. R. Civ. P. 36(a)(5). Plaintiffs failed to make any objections and cannot assert attorney-client privilege now. Moreover, it is difficult to understand how much, if any, of the requested information could be privileged.

Following from the above, the court finds that Plaintiffs' answers are noncompliant with Fed. R. Civ. P. 36(a)(4) and generally lack good faith. *See* In re Nurse Notes, Inc., No. 10-CV-14481, 2011 U.S. Dist. LEXIS 58657, at 15 (E.D. Mich. 2011) (deeming requests to admit admitted for non-compliance with Fed. R. Civ. P. 36(a)(4)).

Under Fed. R. Civ. P. 36(a)(6), "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." The fact pattern in this dispute demonstrates that Plaintiffs made little to no effort with any of the discovery. Accordingly, the court finds that requests for admissions #3, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, and 19 are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(6).

B. Interrogatories

Fed. R. Civ. P. 33(b)(3), incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7033, provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." "A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Garcia, 2012 U.S. Dist. LEXIS 51771 at 3 (citing L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, at 2 (E.D. Cal. Sept. 21, 2007)).

The court reviewed Defendants' propounded interrogatories and Plaintiffs' responses thereto that Defendants assert are deficient.[2] The court finds that Plaintiffs' responses are not deficient to interrogatories #1, 2, 3, 4, 5, 6, 7, and 10 because Plaintiffs responded with an explanation sufficient under Fed. R. Civ. P. 33(b)(3). The court finds that Plaintiffs' responses to interrogatories #8 and 12 are deficient because Plaintiffs responded only with "unknown" and "unknown at this time" respectively. These responses are not in accord with Fed. R. Civ. P. 33(b)(3) because the responses are not answered fully and there is no indication that Plaintiffs made a reasonable effort to respond. Plaintiffs' response to interrogatory #8 is moot as it focuses on a request for admission that is now deemed admitted. The answer to interrogatory #12 must be supplemented as it indicates that Plaintiffs have no basis for a factual allegation with no reasonable explanation or description.

C. Computation of Damages

Fed. R. Civ. P. 26(a)(1)(A)(iii), incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7026, provides that "a party must … provide to the other parties a computation of each category of damages claimed by the disclosing party." Defendants assert that Plaintiffs have

---

[2] Defendants assert that Plaintiffs' responses are deficient to interrogatories #1, 2, 3, 4, 5, 6, 7, 8, 10, and 12.

failed to disclose the computation of damages. The court notes that Plaintiffs' complaint seeks $5,000.00 in damages and Plaintiffs' supplemental discovery responses, dated February 7, 2012, asserts that the damages are $4,500.00. The court finds that neither assertion of damages is sufficient under Fed. R. Civ. P. 26 and Plaintiffs shall be required to supplement the computation of damages.

## II.     MOTION TO ADJOURN DEPOSITIONS

In their motion to adjourn depositions, Plaintiffs request that their depositions be adjourned to the week of April 15, 2012 on the basis that counsel for Plaintiffs has been at trial in Toledo and was out of town visiting family until April 10, 2012.

On April 5, 2012, Defendants filed an objection to Plaintiffs' motion to adjourn depositions on the basis that the adjournment is not timely and will cause further undue delay. Defendants set forth a detailed timeline of the events of the case, which the court will not repeat in its entirety here, to detail the pattern of delays in this matter.

Counsel for Plaintiffs did not act in a professional manner based upon the facts detailed by Defendants. Plaintiffs failed to advise counsel for Defendants after receipt of the notices of deposition that the date set for the depositions did not comply with their schedule and required Defendants to prepare for the depositions as if they would be going forward on the date set and to tie up the schedules of Defendants and counsel for Defendants. Defendants assert that counsel for Plaintiffs cancelled the depositions set for March 28, 2012 on March 27, 2012 after 5 p.m. Defendants then issued subpoenas requesting appearance at depositions on April 6, 2012. Plaintiffs did not file a motion to adjourn those depositions until April 5, 2012. In short, Plaintiffs' actions indicate a complete lack of good faith.

Given Plaintiffs' lack of good faith in participating in the discovery process generally and these depositions specifically, the court will deny Plaintiffs' motion to adjourn depositions.

## III.     COSTS AND FEES PURSUANT TO FED. R. CIV. P. 37(a)(5)

Defendants request costs and fees associated with filing the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5). Where a court has granted a motion to compel in part and denied in part, it is in the discretion of the court to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (requiring the party be given an opportunity to be heard). Discovery sanctions are intended to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." Jackson by Jackson v. Nissan Motor Corp. in USA, 888 F.2d 1391, 1989 U.S. App. LEXIS 16348, at 8-9 (6th Cir. 1989) (quoting Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 229 (E.D. Mich. 1978)).

In the instant matter, Plaintiffs failed to sufficiently answer the majority of Defendants' propounded discovery requests. These discovery requests were not burdensome, did not require

an unreasonable amount of time to answer, and constituted basic, normal discovery requests for this type of action. For Plaintiffs to avoid depositions and answering the majority of the discovery requests represents a lack of good faith.

Accordingly, the court will order the payment of fees and costs on an apportioned basis to be determined once Defendants have submitted documentation of their fees and costs in filing the motion to compel. Defendants shall have fourteen (14) days from the date of the corresponding order to submit appropriate documentation to this court that details the reasonable legal fees and costs that are directly attributable to the motion to compel. Plaintiffs may respond and, if desired, make a request for a hearing on this limited issue within fourteen (14) days after submission of Defendants' documentation.

### IV. DISPOSITIVE MOTIONS DEADLINE

The dispositive motions deadline is extended to May 31, 2012.

An order will be entered simultaneously with this opinion.

# # #

**Service List:**

Thomas C Pavlik
950 Skylight Ofc Twr
1660 W 2nd Street
Cleveland, OH 44113-1419

Darryl S. Norris
Deborah A. Norris
2003 Coriander Drive
West Salem, OH 44287

Steven Heimberger
Roderick Linton Belfance LLP
One Cascade Plaza, Suite 1500
Akron, OH 44308

6