**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:42 PM May 31, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| DARRYL S. NORRIS AND ) | CASE NO. 11-61150 |
| DEBORAH A. NORRIS, ) | |
| ) | ADV. NO. 11-6089 |
| Debtors. ) | |
| _____ ) | JUDGE RUSS KENDIG |
| DARRYL S. NORRIS AND ) | |
| DEBORAH A. NORRIS, ) | **MEMORANDUM OF OPINION (NOT** |
| ) | **INTENDED FOR PUBLICATION)** |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| FIRST FEDERAL SAVINGS AND ) | |
| LOAN OF LORAIN, et al., ) | |
| ) | |
| Defendants. ) | |

Now before the court is Defendants' amended motion in limine ("motion in limine"), filed on April 18, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

This opinion is not intended for publication or citation. The availability of this opinion, in

1

electronic or printed form, is not the result of a direct submission by the court.

## FACTS

This adversary proceeding was commenced on November 8, 2011. On December 21, 2011, the court entered an order establishing a discovery deadline of March 30, 2012 and a dispositive motions deadline of April 16, 2012. Following a motion by Defendants, the court entered an order on April 3, 2012 extending the discovery deadline to April 13, 2012 and the dispositive motions deadline to April 30, 2012. On May 2, 2012, the court entered an order which *inter alia* extended the dispositive motions deadline to May 31, 2012.

Prior to the motion in limine, Defendants filed a motion to compel discovery responses which the court granted in part on May 2, 2012. The May 2, 2012 order deemed certain requests for admissions admitted and ordered Plaintiffs to provide a supplemental response to an interrogatory and to provide a computation of damages pursuant to Fed.R.Civ.P. 26 to Defendants within fourteen days.

Defendants' motion in limine seeks to exclude, pursuant to Fed.R.Civ.P. 37(c)(1), any and all documentation, testimony, and any other evidence related to the above referenced matter not submitted to Defendants' counsel by the discovery cut-off date of April 13, 2012 either in support of dispositive motions or for use at trial. Specifically, Defendants seek to exclude a computation, breakdown, or other documentation of damages as required by Fed.R.Civ.P. 26(a). The motion in limine also addresses Plaintiffs' and counsel for Plaintiffs' failure to appear for depositions scheduled for March 28, 2012 and April 6, 2012. Defendants also seek costs and fees associated with this matter pursuant to Fed.R.Civ.P. 37(c) and (d).

Federal Rule of Bankruptcy Procedure 7037 is applicable to this matter and incorporates Federal Rule of Civil Procedure 37. The court finds that the parties attempted to resolve this dispute before bringing it to the court in accordance with Local Bankruptcy Rule 7026 and Fed. R. Civ. P. 37(a)(1).

## LAW AND ARGUMENT

I.  Exclusion of Evidence Pursuant to Fed.R.Civ.P. 37(c)(1)

Fed.R.Civ.P. 37(c)(1), applicable to this proceeding through Fed.R.Bankr.P. 7037, provides that "[i]f a party fails to provide information … as required by Rule 26(a) …the party is not allowed to use that information … to supply evidence on a motion, a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified." Roberts v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003) (quoting Vance v. United States, 1999 U.S. App. LEXIS 14943, at 3 (1999)); *accord* Transpro, Inc. v. Leggett & Platt, Inc., No. 1:02 CV 2329, 2006 Bankr. LEXIS 4503, at 6 (Bankr. N.D. Ohio Nov. 17, 2006). The burden rests on the potentially sanctioned party to prove

2

harmlessness. Roberts, 325 F.3d at 782 (citing Wilson v. Bradlees of New England, Inc., 150 F.3d 10, 21 (1st Cir. 2001); Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir. 1999); Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998)); *accord* Transpro, 2006 Bankr. LEXIS 4503, at 7.

In the motion in limine, Defendants argue that since Plaintiffs have failed to properly respond to discovery requests and to provide any computation, breakdown, or other documentation of damages as required by Fed.R.Civ.P. 26(a), Rule 37(c) mandates that this court prohibit Plaintiffs from using this information or providing testimony to supply evidence on a motion or at a hearing or trial.

The court's order, dated May 2, 2012, filed after the motion in limine, ordered Plaintiffs to provide the computation of damages, as well as provide a supplemental response to an interrogatory, to Defendants within fourteen days of the order. In addition, the May 2, 2012 order deemed certain requests for admissions admitted. The portion of the motion in limine that addresses the exclusion of evidence, including the computation of damages and the supplemental response to an interrogatory, is denied as moot given that the May 2, 2012 order already addressed these discovery issues. Defendants are free to renew this portion of the motion in limine if Plaintiffs fail to comply with the May 2, 2012 order to provide a computation of damages and the supplemental response to an interrogatory to Defendants.

   II.   Sanctions

Defendants also seek sanctions pursuant to Fed.R.Civ.P. 37(d) because Plaintiffs failed to attend their own depositions. Fed.R.Civ.P. 37(d)(3) provides for sanctions if a party fails to attend its own deposition.

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust.

Fed.R.Civ.P. 37(d)(3). Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi) lists several sanctions, including *inter alia* prohibiting the disobedient party from supporting or opposing claims or defenses, striking pleadings, and dismissing the action.

Where a party fails to appear for a deposition, courts are able to sanction the party by awarding reasonable expenses associated with the deposition to the other party, including attorney fees and costs. *See* Jurczenko v. Fast Prop. Solutions, Inc., No. 1:09 CV 1127, 2010 U.S. Dist. LEXIS 73400, at 12-14 (N.D. Ohio July 20, 2010) (awarding sanctions in an amount sufficient to reimburse party for costs and expenses associated with missed depositions); Hairston v. UAW Region 2-B, No. 3:09CV416, 2009 U.S. Dist. LEXIS 102470, at 9 (N.D. Ohio Nov. 4, 2009) (awarding sanctions for cost of court reporter, deposition transcript, and attorney's fees for party's

failure to appear at deposition); <u>Elliott v. United States</u>, 3:89CV7205, 1991 U.S. Dist. LEXIS 5484, at 2 (N.D. Ohio Apr. 8, 1991) (awarding travel expenses associated with deposition).

In the instant matter, there is no dispute that Plaintiffs and counsel for Plaintiffs failed to appear at the depositions scheduled for March 28, 2012 and April 6, 2012 and did not advise Defendants of their inability to appear at the depositions until the day before the scheduled depositions in both instances. In their response, Plaintiffs cite a death in the family as the cause of their failure to appear at the March 28, 2012 depositions. Defendants, in their reply, state that counsel for Plaintiff did not advise of a death in Plaintiffs' family when cancelling the depositions on March 27, 2012. Rather, counsel for Plaintiffs cited a speaking engagement at a local high school as the reason that the depositions could not go forward on March 28, 2012. Further, Defendants assert that counsel for Plaintiffs indicated the possibility of cancelling the March 28, 2012 depositions as early as March 23, 2012. With respect to the depositions scheduled for April 6, 2012, Plaintiffs' cancellation was in the form of a motion to adjourn the depositions that was filed on April 5, 2012 and cited the reason for cancellation as counsel for Plaintiffs being out of town.

Given the pattern of Plaintiffs in stalling the discovery process in this adversary proceeding, Plaintiffs have not met their burden to show any substantial justification for cancelling the depositions. Plaintiffs' and counsel for Plaintiffs' conduct contravened the spirit of discovery and served to prolong this adversary proceeding. As a result of this conduct, Defendants filed numerous pleadings that would have been unnecessary if Plaintiffs had proceeded with discovery as required by the Federal Rules of Civil Procedure. Furthermore, the prejudice to Defendants is severe and irremediable as a result of being unable to depose Plaintiffs and counsel for Plaintiffs.

Accordingly, pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (d)(3), the court excludes all testimony by Plaintiffs at any hearing or trial or for use in any dispositive motions. In addition, pursuant to Fed.R.Civ.P. 37(d)(3), the court awards Defendants all reasonable expenses associated with the depositions, including attorneys' fees and costs. Defendants shall have fourteen (14) days to file a statement of reasonable expenses, including attorneys' fees and costs, associated with the Plaintiffs' depositions.

An order will be entered simultaneously with this opinion.

#  #  #

**Service List:**

Thomas C Pavlik
950 Skylight Ofc Twr
1660 W 2nd Street
Cleveland, OH 44113-1419

4

11-06089-rk    Doc 45    FILED 05/31/12    ENTERED 05/31/12 15:55:19    Page 4 of 5

Darryl S. Norris
Deborah A. Norris
2003 Coriander Drive
West Salem, OH 44287

Steven Heimberger
Roderick Linton Belfance LLP
One Cascade Plaza, Suite 1500
Akron, OH 44308