**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 12:54 PM July 6, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| DARRYL S. NORRIS AND | ) CASE NO. 11-61150 |
| DEBORAH A. NORRIS, | ) |
| | ) ADV. NO. 11-6089 |
| Debtors. | ) |
| _____ | ) JUDGE RUSS KENDIG |
| DARRYL S. NORRIS AND | ) |
| DEBORAH A. NORRIS, | ) **MEMORANDUM OF OPINION (NOT** |
| | ) **INTENDED FOR PUBLICATION)** |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| FIRST FEDERAL SAVINGS AND | ) |
| LOAN OF LORAIN, et al., | ) |
| | ) |
| Defendants. | ) |

Now before the court is Defendants' motion for summary judgment, filed on April 30, 2012, Plaintiffs' cross-motion for summary judgment, filed on May 17, 2012, and Plaintiffs' motion for partial summary judgment, filed on May 31, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Plaintiffs filed for bankruptcy relief on April 8, 2011 and received a discharge on August 3, 2011. Prior to the bankruptcy, Defendant, First Federal, made various loans to Plaintiffs secured by various parcels of real estate. On August 24, 2011, Defendants initiated five foreclosure proceedings in Lorain County to recover the collateral. The foreclosure proceedings named Plaintiffs individually and included a request for judgment against Plaintiffs. Plaintiffs filed answers to four of the five foreclosure proceedings and, subsequently, by October 12, 2011, Defendants amended all five foreclosure proceedings to redact the request for judgment against Plaintiffs and to categorize the proceedings as *in rem*. Plaintiffs, on November 4, 2011, filed a motion to reopen the bankruptcy proceeding and commenced this adversary proceeding on November 8, 2011. Plaintiffs' complaint seeks damages in the amount of $5,000.00 for an alleged violation of the discharge injunction pursuant to 11 U.S.C. § 524.

This adversary proceeding has been especially litigious, almost entirely as a result of Plaintiffs' failure to participate meaningfully in discovery and the prosecution of this case. Thus far, the court has entertained a motion to compel by Defendants, a motion to adjourn depositions by Plaintiffs, a motion in limine by Defendants, and a renewed motion in limine by Defendants. Following the motion to compel, on May 2, 2012, the court ordered Plaintiffs to submit a supplemental response to an interrogatory, submit a computation of damages pursuant to Fed.R.Civ.P. 26, and deemed certain requests for admissions admitted. Also as part of the May 2, 2012 order, the court denied Plaintiffs' motion to adjourn depositions based on their failure to appear at depositions. As a result of the motion in limine, on May 31, 2012, the court entered an order excluding all testimony by Plaintiffs at hearing or trial and for use in any dispositive motions based on Plaintiffs' failure to appear at depositions. As a result of the renewed motion in limine, on June 26, 2012, the court entered an order excluding Plaintiffs' May 24, 2012 letter to Defendants.

## LAW AND ARGUMENT

*A.     Summary Judgment Standard*

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Both parties agree that there is no genuine dispute as to any material fact and, accordingly, summary judgment is appropriate.

*B.     § 524 Violation*

The discharge injunction of § 524(a)(2) operates to "enjoin a creditor from undertaking any act to collect or recover against the debtor personally any debt which arose before the commencement of the bankruptcy case." In re McCool, 446 B.R. 819, 822 (Bankr. N.D. Ohio 2010). To remedy a violation of § 524(a)(2), courts can award damages pursuant to 11 U.S.C. § 105(a). In re Martin, No. 11-8052, 2012 Bankr. LEXIS 906, at 14 (B.A.P. 6th Cir. Mar. 7, 2012). A debtor must suffer an actual injury and must prove his injury by a preponderance of the evidence. Id. at 14-15; *accord* McCool, 446 B.R. at 823-824. In addition, the creditor's actions must have been "willful, 'i.e., whether the creditor deliberately acted with [actual] knowledge of the bankruptcy case.'" Martin, 2012 Bankr. LEXIS 906 at 15 (quoting In re Waldo, 417 B.R. 854, 891 (Bankr. E.D. Tenn. 2009)).

Defendants do not dispute that they had notice of Plaintiffs' discharge and, after having received notice of the discharge, they included a request for judgment against Plaintiffs in the foreclosure proceedings. The question is whether Defendants' actions were intentional after having knowledge of the discharge injunction. Martin, 2012 Bankr. LEXIS 906, at 15. Based on the facts, it is clear that Defendants acted intentionally after having knowledge of the discharge.

Defendants assert that their actions were an inadvertent mistake and that they did not intend to collect any debt from Plaintiffs. Courts have found that inadvertent mistakes are not sufficient to constitute a violation of the discharge injunction. In In re Helmes, the court found that the inadvertent reporting of a discharged debt to a credit reporting agency did not violate § 524(a)(2) for several reasons. 336 B.R. 105, 109 (Bankr. E.D. Va. 2005). First, the creditor did not refuse to correct the error and corrected the error quickly. Second, there was no evidence that the error was part of a pattern of conduct seen in other bankruptcy cases. Finally, the debtor failed to show any actual damages. Similarly, another court found sanctions are not appropriate where there is no evidence that the creditor acted in bad faith. In re Thompson, No. 06-32622, 2007 Bankr. LEXIS 2830, at 10-13 (Bankr. N.D.N.Y. Aug. 21, 2007) (citing In re Cruz, 254 B.R. 801, 816 (Bankr. S.D.N.Y. 2000)).

Here, Defendants' actions were inadvertent. After Defendants became aware of their mistake, like in Helmes, they corrected it in a timely manner. The admitted requests for admissions establish that there was no attempt to contact Defendants prior to filing answers and that communication attempts to resolve the matter swiftly were decidedly one sided.[1] Also, as in Helmes, there is no evidence that Defendants' actions are part of a pattern of conduct that occurred in multiple bankruptcy cases. Further, Defendants' amendments to the foreclosure proceedings do not evidence that they acted in bad faith, similar to Thompson. Since the foreclosure proceedings were amended prior to the filing of this adversary proceeding, it indicates that Defendants intended to correct their mistake in good faith rather than as a result of litigation. They were alone in this effort. While the court will not condone violations of the discharge injunction, it also will not punish a creditor for a simple oversight that is compounded by Plaintiffs' actions and inactions.

---

[1] See request for admissions #5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, and 19.

Even if the court did not believe that Defendants' actions were inadvertent, Plaintiffs have failed to meet their burden of proof of injury and have not proven any damages.[2] Plaintiffs seek $5,000.00 in their complaint, but provided no description of their injury or calculation of their damages. In their motion for summary judgment, Plaintiffs describe their damages as the retention of counsel to file answers in the foreclosure proceedings. Plaintiffs provide no fee statement from an attorney or proof of payment to an attorney in support of their damages. Plaintiffs also assert that they continue to receive notices from the foreclosure proceedings, but fail to show any actual injury as a result.

In response to Interrogatory #11, submitted by Defendants with their motion for summary judgment, Plaintiffs indicate that they were denied credit based on their credit score as a result of Defendants' actions. Specifically, Plaintiffs assert that their credit score was 650 after the bankruptcy and it decreased to 525 after the filing of the foreclosure proceedings. Such a bare assertion on its own is not sufficient to establish damages. In Helmes, the debtor claimed damages in the form of higher interest rates and the denial of credit, but the court found damages were not shown. 336 B.R. at 109.

> The debtor testified that she paid higher interest rates and was turned down for loans. But, neither was proven to be related to the derogatory credit statement. To have shown that she paid higher interest rates because of the improper notation on her credit report she had to show that without the improper notation on her credit report she would have obtained loans with a lower interest rate. To have shown that she was turned down for loans because of the improper notation on her credit report she had to show that without the improper notation on her credit report she would have been offered the loans.

Id. Like in Helmes, Plaintiffs failed to establish that any decrease in their credit score was the result of Defendants' actions and failed to show that they would not have been denied credit with the 650 score.

Following from the above, the court finds that Defendants are entitled to judgment as a matter of law. Except as set forth in the court's May 2, 2012 order and May 31, 2012 order, all parties shall bear their own attorneys' fees and costs.

An order will be entered simultaneously with this opinion.

---

[2] As noted above, the court's May 31, 2012 order excludes all testimony by Plaintiffs at any hearing or trial or for use in any dispositive motion and the court's June 26, 2012 order excludes Plaintiffs' May 24, 2012 letter to Defendants. Plaintiffs did not submit any affidavits or other supporting documentation to their complaint or motions for summary judgment to assert any injury or damages. Thus, the court looks solely at the pleadings submitted by Plaintiffs and Defendants' motion for summary and documents submitted in support thereof, none of which are excluded evidence by the May 31, 2012 order or the June 26, 2012 order.

# # #

**Service List:**

Thomas C Pavlik
950 Skylight Ofc Twr
1660 W 2nd Street
Cleveland, OH 44113-1419

Darryl S. Norris
Deborah A. Norris
2003 Coriander Drive
West Salem, OH 44287

Steven Heimberger
Roderick Linton Belfance LLP
One Cascade Plaza, Suite 1500
Akron, OH 44308